# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|         Plaintiff, ) | |
| -vs- ) | No. CR-24-10-F |
| KEVIN LAWRENCE MUMFORD, ) | |
|         Defendant. ) | |

## ORDER

The defendant, Kevin Lawrence Mumford, is charged in Count 1 of the indictment with possession of fifty grams or more of methamphetamine with intent to distribute. Count 2 charges possession of firearms in furtherance of a drug trafficking crime. Count 3 charges defendant with possession of firearms after conviction of a felony, in violation of 18 U.S.C. § 922(g)(1). Doc. no. 20. Before the court is the defendant's Motion to Dismiss Count 3 of the Indictment as Unconstitutional. The motion was filed on March 18, 2024, doc. no. 38.

Because of the potential for additional significant developments at the intersection of the Second Amendment and federal statutory firearms law, the court is certainly not critical of the defendant for filing the motion. This is especially true in light of such matters as the dissent of Judge Barrett (now Justice Barrett) in Kanter v. Barr, 919 F.3d 437 (7th Cir. 2019). If Justice Barrett's view of the scope of permissible operation of 18 U.S.C. § 922(g)(1) were to prevail, there certainly would be substantial additional developments in Second Amendment law. See, Kanter, 919 F.3d at 451, et seq.[1]

---

[1] That said, the court notes that the instant motion proffers no facts which would bring the defendant Mumford's case within the reasoning of Justice Barrett's dissent in Kanter.

The defendant's motion will be denied because it is foreclosed by the Tenth Circuit's decision in <u>Vincent v. Garland</u>, 80 F.4th 1197 (10th Cir. 2023).  In <u>Vincent</u>, the Court of Appeals upheld the constitutionality of § 922(g)(1), noting, as it did so, that "we have no basis to draw constitutional distinctions based on the type of felony involved."  <u>Vincent</u>, 80 F.4th at 1202.  Accordingly, controlling Tenth Circuit authority leaves the court no room for consideration of the constitutionality of § 922(g)(1) either on its face or as considered in light of the nature of the predicate felony offense.

The motion is accordingly **DENIED**.

IT IS SO ORDERED this 19th day of March, 2024.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

24-0010p005.docx